UNITED STATES DISTRICT COURT
SOUTHERN DISTIRCT OF FLORIDA
MIAMI DIVISION

CASE NO. 1-16-CV-21746-Ungaro

BONAMAR, CORP.,

    Plaintiff,

v.

TROY TURKIN and SUPREME CRAB &
SEAFOOD, INC.,

    Defendants.
_____/

**DEFENDANT TROY TURKIN'S
ANSWER, DEFENSES, AND AFFIRMATIVE DEFENSES
AND COUNTERCLAIM TO PLAINTIFF'S COMPLAINT**

Defendant, Troy Turkin (herein, "Defendant" or "Turkin"), hereby files this his Answer, Defenses and Affirmative Defenses and Counterclaim in response to Plaintiff, Bonamar, Corp.'s ("Plaintiff" or "Bonamar"), Complaint and states as follows:

**THE PARTIES,**

    1.    Admit.

    2.    Admit that Turkin is a citizen of the State of Florida, but deny the remaining allegations of paragraph 2 of Plaintiff's Complaint and demand strict proof thereof.

    3.    Admit that Supreme Crab & Seafood, Inc. ("Supreme") is a Florida corporation, but deny the remaining allegations of paragraph 3 of Plaintiff's Complaint and demand strict proof thereof.

**JURISDICTION AND VENUE**

    4.    Defendant Turkin admits that Plaintiff purports to assert a claim pursuant to the Defend Trade Secrets Act of 2016 (the "DTSA") and that this Court has subject matter jurisdiction

over claims under the DTSA. Defendant Turkin also admits that this Court may exercise supplemental or pendant jurisdiction over claims sufficiently related to the DTSA claims. Defendant Turkin denies the remaining allegations of paragraph 4 of Plaintiff's Complaint, and all insinuations or allegations of the Defendant's liability arising from the foregoing are hereby denied, and Defendant demands strict proof thereof.

5. Admit.

6. Defendant Turkin admits that this Court has personal jurisdiction over Turkin, but denies the remaining allegations of paragraph 6 of Plaintiff's Complaint and demands strict proof thereof.

7. Defendant Turkin admits that this Court has personal jurisdiction over Supreme, but denies the remaining allegations of paragraph 7 of Plaintiff's Complaint and demands strict proof thereof.

## FACTS

**A. Plaintiff's Business**

8. Admit.

9. Admit.

10. Defendant Turkin lacks sufficient information to admit or deny the allegations of paragraph 10 of Plaintiff's Complaint, and, therefore, Defendant demands strict proof thereof.

11. Defendant admits that Plaintiff's products are generally sold under the "Sebastian" or "Crystal Harbor" labels, but lacks sufficient knowledge to admit or deny the remaining allegations of paragraph 11 of Plaintiff's Complaint, and, therefore, Defendant demands strict proof thereof.

12. Defendant Turkin admits that Plaintiff markets and sells its products primarily through its direct sales force but denies the remaining allegations of paragraph 12 of Plaintiff's Complaint and therefore, Defendant demands strict proof thereof.

13.     Defendant Turkin agrees that the market for Plaintiff's products is highly competitive and that Plaintiff competes in the marketplace on the basis of freshness, quality, and price, among other factors, but lacks sufficient knowledge to admit or deny the remaining allegations of paragraph 13 of Plaintiff's Complaint.  All insinuations or allegations of the Defendant's liability arising there from are hereby denied, and Defendant demands strict proof thereof.

14.     Defendant denies the allegations contained in paragraph 14 of Plaintiff's Complaint and demands strict proof thereof.

15.     Defendant denies the allegations contained in paragraph 15 of Plaintiff's Complaint and demands strict proof thereof.

16.     Defendant Turkin lacks sufficient knowledge to admit or deny the allegations of paragraph 16 of Plaintiff's Complaint.  To the extent the allegations are based on documents, the documents speak for themselves.  All insinuations or allegations of the Defendant's liability arising there from are hereby denied, and Defendant demands strict proof thereof.

**B. Turkin's Employment With Plaintiff**

17.     Admit.

18.     Admit.

19.     Admit.

20.     Defendant Turkin admits that Plaintiff hired Turkin as its Vice President of Marketing in August 2013 and that he executed an Employment Agreement with Plaintiff.  Defendant Turkin denies the remaining allegations of paragraph 20 of Plaintiff's Complaint and demands strict proof thereof.

21.     To the extent the allegations of paragraph 21 of Plaintiff's Complaint are based on documents, the documents speak for themselves. All insinuations or allegations of the Defendant's liability arising there from are hereby denied, and Defendant demands strict proof thereof.

22. To the extent the allegations of paragraph 22 of Plaintiff's Complaint are based on documents, the documents speak for themselves. All insinuations or allegations of the Defendant's liability arising there from are hereby denied, and Defendant demands strict proof thereof.

23. Admit.

24. Admit.

25. Admit.

**C. Turkin's Breach of the Agreement and Tortious Conduct**

26. Defendant Turkin lacks sufficient knowledge to admit or deny the allegations contained in paragraph 26 of Plaintiff's Complaint, and, therefore, Defendant demands strict proof thereof.

27. Defendant Turkin lacks sufficient knowledge to admit or deny the allegations contained in paragraph 27 of Plaintiff's Complaint, and, therefore, Defendant demands strict proof thereof.

28. Defendant Turkin lacks sufficient knowledge to admit or deny the allegations contained in paragraph 28 of Plaintiff's Complaint, and, therefore, Defendant demands strict proof thereof.

29. Defendant Turkin lacks sufficient knowledge to admit or deny the allegations contained in paragraph 29 of Plaintiff's Complaint, and, therefore, Defendant demands strict proof thereof.

30. Defendant lacks sufficient knowledge to admit or deny the allegations contained in paragraph 30 of Plaintiff's Complaint, and, therefore, Defendant demands strict proof thereof.

31. Defendant denies the allegations contained in paragraph 31 of Plaintiff's Complaint, and, therefore, Defendant demands strict proof thereof.

32. Defendant denies that he improperly copied customer information and lacks sufficient knowledge to admit or deny the remaining allegations contained in paragraph 32 of Plaintiff's Complaint, and, therefore, Defendant demands strict proof thereof.

33. Defendant lacks sufficient knowledge to admit or deny the allegations contained in paragraph 33 of Plaintiff's Complaint, and, therefore, Defendant demands strict proof thereof.

34. Defendant lacks sufficient knowledge to admit or deny the allegations contained in paragraph 34 of Plaintiff's Complaint, and, therefore, Defendant demands strict proof thereof.

**D. Turkin's Employment by Supreme and Contact With Plaintiff's Clients**

35. Admit.

36. Defendant Turkin admits that while employed by Crystal Harbor, he worked closely with Andy Walton, but denies the remaining allegations of paragraph 36 of Plaintiff's Complaint and demands strict proof thereof.

37. Defendant denies the allegations contained in paragraph 37 of Plaintiff's Complaint and demands strict proof thereof.

38. Defendant Turkin admits that Supreme is owned in part by Indonesian individuals, but denies the remaining allegations of paragraph 38 of Plaintiff's Complaint and demands strict proof thereof.

39. Deny.

40. Defendant denies the allegations contained in paragraph 40 of Plaintiff's Complaint and demands strict proof thereof.

41. Defendant denies the allegations contained in paragraph 41 of Plaintiff's Complaint and demands strict proof thereof.

42. Defendant denies the allegations contained in paragraph 42 of Plaintiff's Complaint and demands strict proof thereof.

43. Defendant lacks sufficient knowledge to admit or deny the allegations contained in paragraph 43 of Plaintiff's Complaint, and, therefore, Defendant demands strict proof thereof.

44. Defendant denies the allegations contained in paragraph 44 of Plaintiff's Complaint and demands strict proof thereof.

45. Defendant denies the allegations contained in paragraph 45 of Plaintiff's Complaint and demands strict proof thereof.

46. Defendant lacks sufficient knowledge to admit or deny the allegations contained in paragraph 46 of Plaintiff's Complaint, and, therefore, Defendant demands strict proof thereof.

## CAUSES OF ACTION

### COUNT ONE – MISAPPROPRIATION OF TRADE SECRETS
### UNDER THE DEFEND TRADE SECRETS ACT OF 2016 (18 U.S.C. § 1836(b)(1)
### (Turkin and Supreme)

47. In response to the allegations contained in paragraph 47 of Plaintiff's Complaint, Defendant fully incorporates his responses to paragraphs 1 through 46 above as if set forth more fully herein.

48. Defendant denies the allegations contained in paragraph 48 of Plaintiff's Complaint and demands strict proof thereof.

49. Defendant denies the allegations contained in paragraph 49 of Plaintiff's Complaint and demands strict proof thereof.

50. To the extent the allegations contained in paragraph 50 of Plaintiff's Complaint are based on documents, the documents speak for themselves. However, all insinuations or allegations of the Defendant's liability arising therefrom are hereby denied, and Defendant demands strict proof thereof.

51. Defendant denies the allegations contained in paragraph 51 of Plaintiff's Complaint and demands strict proof thereof.

52. Defendant denies the allegations contained in paragraph 52 of Plaintiff's Complaint and demands strict proof thereof.

53. Defendant denies the allegations contained in paragraph 53 of Plaintiff's Complaint and demands strict proof thereof.

54. Defendant denies the allegations contained in paragraph 54 of Plaintiff's Complaint and demands strict proof thereof.

55. Defendant denies the allegations contained in paragraph 55 of Plaintiff's Complaint and demands strict proof thereof.

56. Defendant denies the allegations contained in paragraph 56 of Plaintiff's Complaint and demands strict proof thereof.

Defendant denies the remaining allegations contained in Count 1 of Plaintiff's Complaint, including those allegations contained in the WHEREFORE clause of Count 1, and demands strict proof thereof.

### COUNT TWO – MISAPPROPRIATION OF TRADE SECRESTS UNDER FLORIDA'S UNIFORM TRADE SECRETS ACT (Turkin and Supreme)

57. In response to the allegations contained in paragraph 57 of Plaintiff's Complaint, Defendant fully incorporates his responses to paragraphs 1 through 46 above as if set forth more fully herein.

58. Defendant denies the allegations contained in paragraph 58 of Plaintiff's Complaint and demands strict proof thereof.

59. To the extent the allegations contained in paragraph 59 of Plaintiff's Complaint are based on documents, the documents speak for themselves. However, all insinuations or allegations of the Defendant's liability arising therefrom are hereby denied, and Defendant demands strict proof thereof.

60. Defendant denies the allegations contained in paragraph 60 of Plaintiff's Complaint and demands strict proof thereof.

61. Defendant denies the allegations contained in paragraph 61 of Plaintiff's Complaint and demands strict proof thereof.

62. Defendant denies the allegations contained in paragraph 62 of Plaintiff's Complaint and demands strict proof thereof.

63. Defendant denies the allegations contained in paragraph 63 of Plaintiff's Complaint and demands strict proof thereof.

64. Defendant denies the allegations contained in paragraph 64 of Plaintiff's Complaint and demands strict proof thereof.

65. Defendant denies the allegations contained in paragraph 65 of Plaintiff's Complaint and demands strict proof thereof.

Defendant denies the remaining allegations contained in Count 2 of Plaintiff's Complaint, including those allegations contained in the WHEREFORE clause of Count 2, and demands strict proof thereof.

### COUNT THREE – BREACH OF CONTRACT
### (Turkin)

66. In response to the allegations contained in paragraph 66 of Plaintiff's Complaint, Defendant fully incorporates his responses to paragraphs 1 through 46 above as if set forth more fully herein.

67. Defendant denies the allegations contained in paragraph 67 of Plaintiff's Complaint and demands strict proof thereof.

68. To the extent the allegations contained in paragraph 67 of Plaintiff's Complaint are based on documents, the documents speak for themselves. However, all insinuations or allegations of

the Defendant's liability arising therefrom are hereby denied, and Defendant demands strict proof thereof.

69. Defendant denies the allegations contained in paragraph 69 of Plaintiff's Complaint and demands strict proof thereof.

70. Defendant denies the allegations contained in paragraph 70 of Plaintiff's Complaint and demands strict proof thereof.

71. Defendant admits that he is now employed by Supreme Crab but denies the remaining allegations contained in paragraph 71 of Plaintiff's Complaint and demands strict proof thereof.

72. Defendant denies the allegations contained in paragraph 72 of Plaintiff's Complaint and demands strict proof thereof.

73. Defendant denies the allegations contained in paragraph 73 of Plaintiff's Complaint and demands strict proof thereof.

Defendant denies the remaining allegations contained in Count 3 of Plaintiff's Complaint, including those allegations contained in the WHEREFORE clause of Count 3, and demands strict proof thereof.

## COUNT FOUR – CONVERSION
### (Turkin and Supreme)

74. In response to the allegations contained in paragraph 74 of Plaintiff's Complaint, Defendant fully incorporates his responses to paragraphs 1 through 46 above as if set forth more fully herein.

75. Defendant denies the allegations contained in paragraph 75 of Plaintiff's Complaint and demands strict proof thereof.

76. Defendant denies the allegations contained in paragraph 76 of Plaintiff's Complaint and demands strict proof thereof.

77.     Defendant denies the allegations contained in paragraph 77 of Plaintiff's Complaint and demands strict proof thereof.

78.     Defendant denies the allegations contained in paragraph 78 of Plaintiff's Complaint and demands strict proof thereof.

Defendant denies the remaining allegations contained in Count 4 of Plaintiff's Complaint, including those allegations contained in the WHEREFORE clause of Count 4, and demands strict proof thereof.

## COUNT FIVE – TORTIOUS INTERFERENCE
### (Supreme)

79.     In response to the allegations contained in paragraphs 79-85 of Plaintiff's Complaint, Defendant states that these allegations do not pertain to Turkin but are asserted solely against Defendant Supreme, and, therefore, those allegations are denied.

All allegations not specifically admitted are hereby denied.

## DEFENSES AND AFFIRMATIVE DEFENSES

In addition to the specific responses to the numbered paragraphs in the Complaint, Defendant asserts the following defenses and affirmative defenses:

1.      Plaintiff fails to state a cause of action upon which relief may be granted.

2.      The information which Plaintiff alleges Defendant misappropriated is not a "trade secret," as defined under Title 18, United States Code, Section 1839, or Section 688.002, Florida Statutes, because the information that is the basis for Plaintiff's allegations was not actually secret, can be readily obtained by other means, and was not subject to reasonable efforts to maintain secrecy.

3.      Defendant did not misappropriate trade secrets, as defined under Title 18, United States Code, Section 1839, or Section 688.002, Florida Statutes, because the information that is the basis for Plaintiff's allegations was not actually secret, can be readily obtained by other means, and was not

subject to reasonable efforts to maintain secrecy, and Defendant did not use any improper means to obtain any information from Plaintiff.

4. If Defendant has any information derived from his employment with Plaintiff, Defendant did not use any improper means to obtain it, as defined under Title 18, United States Code, Section 1839, or Section 688.002, Florida Statutes.

5. To the extent there were Agreements between Plaintiff and Defendant, Defendant fully complied with all of his obligations under such agreements, and, therefore, Plaintiff is not entitled to any recovery from Defendant.

6. Plaintiff breached the Agreements with Defendant, as fully set forth in the Counterclaim, below, and, therefore, Defendant was relieved of his obligations under the Agreements with Plaintiff and Plaintiff is not entitled to any recovery from Defendant.

7. Plaintiff is barred from bringing this action under the doctrines of unclean hands and *in pari delicto* because any damages Plaintiff allegedly suffered were a result of its own actions.

8. Plaintiff's claims are barred by the doctrines of unclean hands and *in pari delicto* as a result of the fact that Plaintiff previously obtained the same or similar information from employees of Plaintiff who previously worked for other entities in the same industry.

9. Plaintiff is estopped from asserting its claims against Defendant by its own breaches of the Agreements with Defendant, as more fully set forth below in the Counterclaim.

10. Plaintiff is barred from bringing this action against Defendants as Plaintiff has sustained no legally recognizable damages that were proximately or legally caused by any alleged action or omission by Defendant.

11. Plaintiff's claims of misappropriation are made in bad faith, and, therefore, Defendant is entitled to an award of reasonable attorney's fees pursuant to Title 18, United States Code, Section 1836 (b)(3)(D), and Section 688.005, Florida Statutes.

## COUNTERCLAIM

Defendant/Counter-Plaintiff Troy Turkin ("Counter-Plaintiff" or "Turkin") hereby files this Counterclaim against Plaintiff/Counter-Defendant, Bonamar, Corp. ("Counter-Defendant" or "Bonamar"), and states as follows:

## ALLEGATIONS COMMON TO ALL COUNTS

1. Defendant/Counter-Plaintiff is authorized to bring this action in all respects.

2. Defendant/Counter-Plaintiff is a citizen of the State of Florida who resides in Broward County, Florida.

3. Upon information and belief, Counter-Defendant, Bonamar, is a Florida corporation having its principal place of business in Miami-Dade County, Florida.

4. This Court has supplemental subject matter jurisdiction over the instant Counterclaim pursuant to Title 28, United States Code, Section 1367(a) because the claims are so related to the initial action that they form part of the same case or controversy.

5. This Court has personal jurisdiction over Bonamar as Bonamar is a Florida corporation which conducts business in the Southern District of Florida.

6. Venue is appropriate in the Southern District of Florida, as significant and material transactions and occurrences giving rise to the cause of action alleged herein, including the execution of the Agreements that are the subject of this Counterclaim, occurred or transpired in the Southern District of Florida.

7. Defendant/Counter-Plaintiff have retained the undersigned attorneys and are required to pay them a reasonable fee for their services.

8. All conditions precedent to the institution and maintenance of this action herein have been performed, occurred, waived or otherwise have been excused

## GENERAL FACTUAL ALLEGATIONS

9. On or about August 21, 2013, Turkin and Bonamar entered into an Employment Agreement pursuant to which Turkin was engaged to act as Bonamar's Vice President of Marketing. (A copy of the "Employment Agreement" is attached hereto as **"Exhibit A"**).

10. The Employment Agreement provided that the term of the Agreement was five (5) years from the date of its execution, which was August 21, 2013. (Ex. A at ¶ 3. a).

11. The Employment Agreement also provided that Bonamar would pay Turkin an annual salary of $217,000. (*Id*. at ¶ 4.a).

12. The Employment Agreement further provided that Bonamar would establish a Profit Sharing Plan in which Turkin would participate during the term of the Employment Agreement. (*Id*. at ¶ 4.b). However, Bonamar never established a Profit Sharing Plan, and, therefore, Turkin was never paid a share of Bonamar's profits during his employment by Bonamar.

13. The Employment Agreement further provided that it may be amended or modified only by a writing signed by the President of the Company. (*Id*. at ¶ 12(c)).

14. Turkin performed all of his obligations and responsibilities pursuant to the Employment Agreement.

15. On or about March 23, 2015, Turkin and Bonamar entered into a modification of the Agreement pursuant to which Turkin and Bonamar agreed to modify the terms of the Employment Agreement. (A copy of the "Modification Agreement" is attached hereto as **"Exhibit B"**).

16. The Modification Agreement provided that Bonamar would pay Turkin an increased annual salary of $238,700 retroactive from February 1, 2015. (Ex. B at ¶ 1).

17. The Modification Agreement also provided that Bonamar would pay Turkin a one-time payment of $35,000 in lieu of the previously agreed profit-sharing agreement. (*Id*. at ¶ 1.b).

18. The Modification Agreement further provided that it may be amended or modified only by a writing signed by the President of the Company. (*Id*. at ¶ 2(a)).

19. Turkin performed all of his obligations and responsibilities pursuant to the Modification Agreement.

20. In or about August 2015, Bonamar unilaterally decided to reduce Turkin's salary by ten percent (10%) without any written or signed agreement indicating that it was doing so and without the agreement of Turkin. Such a reduction in salary was material.

21. Bonamar's unilateral decision to reduce Turkin's salary and the actual reduction of Turkin's salary were a material breach of the Employment Agreement and the Modification Agreement.

22. As a result of Bonamar's unilateral material breach of the Agreement and Modification Agreement, Turkin suffered damages.

## COUNT ONE
## BREACH OF CONTRACT

23. Counter-Plaintiff hereby reasserts the allegations set forth in paragraphs 1 through 22 of this Counterclaim as if fully set forth herein.

24. Turkin and Bonamar entered into the Employment Agreement and the Modification Agreement, which together constitute binding and enforceable contracts.

25. Bonamar breached the Employment Agreement and the Modification Agreement by unilaterally reducing Turkin's salary without a signed, written agreement and without Turkin's agreement to do so.

26. As a result of Bonamar's breach, Turkin has been damaged.

WHEREFORE, Counter-Plaintiff, Troy Turkin, hereby demands judgment against Counter-Defendant, Bonamar, for breach of contract, including pre-judgment and post judgment interest, attorneys' fees and costs, and such further relief that this Court determines to be appropriate and just.

          Respectfully submitted,

          DAMIAN & VALORI LLP
*Counsel for Troy Turkin*
1000 Brickell Avenue, Suite 1020
Miami, Florida  33131
Telephone:  (305) 371-3960

By:     s/Melanie Damian
     Melanie E. Damian
     Florida Bar No. 99392
     Primary E-mail   mdamian@dvllp.com
     Secondary E-mail:  jserna@dvllp.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served via CM/ECF, this 16th day of June, 2016, on all counsel of record.

s/ Melanie E Damian
Melanie E. Damian